SPENCER *v.* SOUTHWICK, 11 J. R., 573.

In S. Ct. 9 J. R. 314, and 10 J. R. 259.

### *Libel ; Pleading.*

IN a declaration for a libel charging that " by hypocritical cant, &c., the plaintiff and his associates, effected the incorporation of the Manhattan Bank, in which the plaintiff's share of the profits was several thousand dollars ; and that the plaintiff, as a member of the senate, advocated the bill entitled " An act for supplying the city of New York with pure and wholesome water," knowing " that it contained a clause authorizing the company to carry on banking business, and when he knew that the other members of the legislature were ignorant of the fact, &c." The defendant pleaded in justification, that the plaintiff was a senator on the 2d of April, 1798 ; that such a law was passed, and averred that at the time of passing the law, the plaintiff as senator advocated and supported the bill, knowing at the time, that it contained such clause, &c. ; and that a large majority of the members of the legislature were ignorant of that fact, &c. ; and that at the time and place first mentioned the plaintiff held and was owner of a large portion of the stock created by the said law, to wit : $5000 ; all which acts of the plaintiff's were hypocritical and deceptive, and contrary to his duty as a senator, &c." The plaintiff replied : " That at the time he advocated the said law, as senator, he did not hold and was not owner of any stock," &c. On a general demurrer to this replication, the Supreme Court held it to be bad. But, on error, the Court of Errors held that the *plea* was also bad, as not being an answer to the declaration, and the defendant having committed the first fault in pleading, the plaintiff was entitled to judgment.

Judgment *reversed* accordingly.